### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| **SHIRLEY McCULLEY,** | : |
| | : |
|     **Petitioner** | : |
| | : |
|         **v.** | : |
| | : |
| **GUY HICKMAN, Warden,** | : |
| | :     **5:05-CV-241 (WDO)** |
|     **Respondent** | : |

### ORDER

Petitioner McCulley filed a habeas petition asserting various claims pertaining to her state conviction and sentence. The Court denied the habeas petition and Petitioner appealed. The matter is now before the Court on Petitioner's Motion for Appointment of Counsel on appeal.

"A plaintiff in a civil case has no constitutional right to counsel. A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff. The district court has broad discretion in making this decision . . . and should appoint counsel only in exceptional circumstances. . . ." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). In Bass, the court found there were no exceptional circumstances that would require the appointment of counsel because the core facts of the case – the conditions of the plaintiffs' confinement – were not in dispute, and their legal claims – violations of the Eighth and Fourteenth Amendments – were straightforward.

In this case, there are no exceptional circumstances that require the appointment of counsel. The issues raised by Petitioner have been considered by several state courts and on habeas review

in this Court.  Further, none of Petitioner's claims are so complex that she is entitled to appointed counsel.  Accordingly, the **Motion for Appointment of Counsel is DENIED**.

**SO ORDERED this 4th day of January, 2006.**

      **S/Wilbur D. Owens, Jr.**
      **WILBUR D. OWENS, JR.**
      **UNITED STATES DISTRICT JUDGE**